UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. |
| | ) | |
| FARAJI ENTERPRISE, LLC., | ) | Chapter 11 |
| | ) | |
| Debtor | ) | Judge |

**DEBTOR'S MOTION FOR ENTRY
OF AN INTEREM ORDER AUTHORIZING
THE USE OF CASH COLLATERAL OF CENTRAL SAVINGS F.S.B.**

NOW COMES the debtor. **FARAJI ENTERPRISE, LLC.**, (the "Debtor") and Debtor in Possession by and through its Attorney William E. Jamison, Jr. and moves this court pursuant to 11 U.S.C.§3611, 363 to authorize the use of the cash collateral of CENTRAL SAVINGS F.S.B. and in support thereof respectfully represents as follows:

1. Debtor commenced a voluntary Chapter 11 Bankruptcy case by filing a voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §101 et seq. (the "Code") on December 29, 2022, in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Court").

2. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §1334. Venue is proper pursuant to 28 U.S.C. §1409. This matter is a core proceeding pursuant to 28 U.S.C. 157 (b)(A) and (M).

3. Debtor is a debtor in possession with the right to operate its business and manage its financial affairs, pursuant to sections 1107 and 1108 of the Code. No trustee or creditors committee has been appointed in this case.

4. Debtor is engaged in the business of owning and managing a 15 Unit building located at 469-473 Hirsch Avenue, Calumet City, IL 60419. (the" Hirsch Property").

5. The Debtor, through its beneficial interest in the Hirsch God Trust Agreement dated January 24, 2017, and known as Trust No. 469, has an exclusive ownership interest in the Hirsch Property. Pursuant to a Mortgage with Central Savings, F.S.B. dated January 24, 2017, and an Assignment of Rents both of which are held by Central Savings FSB. The mortgage amount in the amount is currently $370,975.03.

6. The most recent appraisal of the property dated December 2016 list the market value fair market value of the property at $525,000.00 resulting in an equity cushion in excess of $100,000.00. See Exh A.

7. The Debtor through its beneficial interest it the Trust Agreement also has an exclusive possessory and ownership interest in the Hirsch Property.

8. On June 21, 2022, Central Savings, FSB filed a commercial foreclosure against the Debtor in the Circuit Court of Cook County, Chancery Division, captioned Central Savings v. Faraji Enterprise, LLC et al, Case No. 2022-CH-05931 (the "Foreclosure Case").

9. Sometime in 2022, the debtor began to experience financial difficulties due to extended vacancies and delinquent rental payments.

10. The failure of the tenants to pay rent coupled with the vacancies resulted in the debtor's inability to make timely mortgage payments.

11. The debtor is collecting rents generated by the Hirsch property. Pursuant to 11 U.S.C. § 363 (a), the rents and other income generated by the Hirsch property is cash collateral in which Central Savings, F.S.B. ("FSB") has an interest.

12. Debtor has an immediate need for the cash collateral of Central Savings, F.S.B to operate the Hirsch Property. Debtor also needs to use the cash collateral of Central Savings FSB to finance its Chapter 11 Reorganization.

13. Debtor will use the cash collateral to make expenditures set forth on the Budget which is attached to the motion as *(Exhibit B)*.

14. Debtor is unable to obtain unsecured credit allowable only under §503(b) (1) of the Code as an administrative expense to permit Debtor to operate the Hirsch Property. Debtor is also unable to incur debt or obtain credit to operate the Hirsch Property.

15. If the Court does not authorize the Debtor to use the rental income which is Central Savings FSB's cash collateral to operate the Hirsch Property, Debtor will be unable pay the expenses of the Hirsch Property. The going concern value of the Debtor's business and the value of the Property will be greatly diminished if debtor cannot provide services to the tenants at the Hirsch Property and maintain the property.

16. The code provides that the Debtor may use Central Savings cash collateral if Central Savings FSB consents or if the Court authorizes the Debtor's use of the cash collateral. 11 U.S.C. §363(a). Debtor is also required to establish that the interest of Central Savings FSB is adequately protected. The adequate protection that Central Savings FSB receives is meant to assure that the value of the secured creditor's interest in the collateral does not decline.

17. The Debtor may provide Central Savings FSB with adequate protection for the Debtor's use of Central Savings FSB's cash collateral in several ways. A debtor may offer adequate protection in the form of periodic payments, replacements liens. A debtor may reinvest the cash in the operation and maintenance of the debtor's property to increase the value of the

creditors interest in the collateral. A Debtor may also demonstrate that the amount of cash on hand will not diminish as the cash collateral is used. 11 U.S.C. §361.

18. In order to provide Central Savings FSB adequate protection pursuant to 11 U.S.C.§361, the Debtor has agreed to:

(A) grant FSB replacement liens on the Property and the proceeds of the Property and the proceeds of the Property to the same extent and with the same priority as its prepetition liens on the Property and the proceeds of the Property;

(B) limit its expenditures to the disbursements listed on the budget attached to this Motion as Exhibit B.

(C) Enter into the Interim Order Authorizing the Debtor to Use Cash Collateral which will be substantially in the form of the Order which is attached to this Motion as *(See Exhibit C.)*

19. The Debtor's use of the cash collateral in which Central Savings FSB asserts an interest will protect and preserve the Hirsch Property, and maintain the rental income produced by the Hirsch Property. The Debtor is able to adequately protect the interest of FSB.

20. It is the best interest of Central Savings FSB, the Debtor and the Chapter 11 estate for the Court to authorize the Debtor to use the cash collateral of Central Savings FSB and to enter the Interim Order Authorizing The Debtor to Use Cash Collateral which is attached to this Motion as Exhibit C.

21. Debtor requests that the Court conduct a preliminary hearing pursuant to Bankruptcy Rule 4001(b)(2), enter the Interim Order Authorizing The Debtor to Use Cash Collateral which is attached to this Motion as Exhibit B, and Set a final hearing on the Debtor's use of cash collateral.

**WHEREFORE**, Ada L. Brown, debtor and debtor in possession herein, prays that the court, enter the order authorizing its use of cash collateral and for any other relief the Court deems just and proper.

                                          Faraji Enterprise, LLC.
                                        By /s/ William E. Jamison, Jr.
                                        Its Attorney
                                        William E. Jamison, Jr.
                                        53 W. Jackson Blvd
                                        Suite 801
                                        Chicago, IL 60604
                                        312-226-8500



## EXPENSES -vs- INCOME BUDGET FOR 469-473 Hirsch Calumet City, IL 60409

| Expenses for Units | Monthly Expenses | Monthly Rent Collected | Gross Monthly Receipts | | |
|---|---|---|---|---|---|
| Rental MTG | $6,908.00 | 469/Tenant1D*8 | $934.00 | H. Dixon | |
| Lawn/Snow | $215.45 | 469/Tenant2D*8 | $775.00 | C. Hines | |
| Insurance/escrow | $515.23 | 469/Tenant 3D | $825.00 | G. Taylor | |
| Rental/Maintenance | $250.00 | 469/Tenant1E*8 | $1,010.00 | S. McCay | |
| Rental Electricity | $101.25 | 469/Tenant 2 E | $875.00 | W. Barnes | |
| Rental Gas | $1,276.00 | 469/Tenant 3E | $875.00 | T. Cagler | |
| Management Fee | $1,200.00 | 471/Tenant 1C*8 | $869.00 | D. Simon | |
| Tenant 1CWater | $363.00 | 471/Tenant 2C | $895.00 | N. Townsend | |
| Scavenger Waste/ Removal | $255.00 | 471/Tenant 3C*8 | $1,000.00 | L. Carrie | |
| | | 471/Tenant 2B | $1,000.00 | K. Davis | |
| | | 471/Tenant 3B | $885.00 | G. Tinsley | |
| Total Net Income | $1,943.35 | 473/Tenant 1A | $775.00 | S. Askew | |
| | $1,943.35 | 473/Tenant 2A | $885.00 | | |
| | | 473/Tenant 3A | $825.00 | T. Black | |
| | | 473/Tenant 1B | $885.00 | | |
| TOTAL | $11,083.00 | | $13,313.00 | | |
| Net Income | | | $2,230.00 | | |